Lawrence **COSTELLO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16761.

United States Court of Appeals Fifth Circuit.

March 12, 1958.

Henry H. Arrington, Herbert M. Klein, Miami, Fla., for appellant.

O. B. Cline, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

A three-count information was filed against the appellant, Costello, and one Earl Robinson, whose appeal has been voluntarily dismissed. The first count under the general conspiracy statute, 18 U.S.C.A. § 371, charged that they unlawfully conspired to violate Title 26 United

States Code Annotated, Sections 4704(a), 4705(a), 4742(a) and 4744(a): that is, in substance, that they unlawfully conspired to sell narcotic drugs. The second count was withdrawn by the Government at the beginning of the trial. The third count charged that they transferred twelve marijuana cigarettes in violation of Title 26 United States Code Annotated § 4742(a).

Two federal narcotics agents and a Government chemist testified fully in support of the information. Costello testified in his own behalf denying his guilt, but admitting that he had been a heroin addict for twenty years. At the close of the evidence, the court inquired of Costello's counsel whether he had any requested charges, and counsel replied, "I have no requests your Honor." At the conclusion of its charge to the jury, the court inquired out of the hearing of the jury, as required by Rule 30, Federal Rules of Criminal Procedure, 18 U.S. C.A., whether the defendant Costello had any objection to any portion of the court's charge, and again counsel replied in the negative.

█ The jury returned its verdict reading: "We, the Jury, find the defendant, Lawrence Costello, guilty on both counts." A like verdict was returned against Earl Robinson. The court then announced orally: "On the jury's verdict, the court adjudges the defendants Earl Robinson and Lawrence Costello guilty of the crime charged in the first and third counts of the Information, respectively." As the written judgment was entered, however, it described the offenses as charged in Count 1 and the withdrawn Count 2, rather than as charged in Count 1 and Count 3. This is a mere clerical mistake in the judgment which may be corrected by the district court at any time. Rule 36, Federal Rules of Criminal Procedure.

Three specifications of error are based on that clerical mistake. Another, obviously not well taken, and submitted with practically no argument, is that the court erred in denying a motion for judg-

ment of acquittal. The only claimed error seriously argued is that the court erred in not submitting the issue of entrapment to the jury.

█ There are several complete answers. In the first place, that issue was not in the case because the Government's testimony did not tend to show that Costello was induced to sell the marijuana but only that the opportunity to do so was afforded by an offer of the agent to buy. Vamvas v. United States, 5 Cir., 1926, 13 F.2d 347, 348; Demos v. United States, 5 Cir., 1953, 205 F.2d 596, 599. Further, there was no written request for such an instruction and no objection to the court's charge as required by Rule 30, Federal Rules of Criminal Procedure.

Without prejudice to the power of the district court to correct the clerical mistake in its judgment, and assuming such correction as made, the judgment is

Affirmed.