**Lynwood O'NEAL, Jr., Petitioner-Appellee,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 29092.**

United States Court of Appeals, Fifth Circuit.

July 17, 1970.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

William M. Schultz, Houston, Tex., for petitioner-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

TUTTLE, Circuit Judge.

Director of the Texas Department of Corrections appeals from the grant of a writ of habeas corpus setting aside the conviction of the appellee, Lynwood O'Neal, Jr., on the ground that during his state court trial there had been admitted in evidence articles of clothing taken from him at a time when he was held under an illegal arrest.

The district court in the federal habeas corpus proceedings found that the appellee was picked up or arrested without what could reasonably amount to probable cause, and charged with the offense of "vagrancy," a charge which the trial court found to be utterly without foundation and in no way connected with the charge of rape subsequently filed against him, and which charge the trial court found to be "a sham and a fraud—a mere device to detain suspects."

The state bases its principal arguments here on the failure of O'Neal to seek relief from his state court conviction, so far as he was prejudiced by the requirement that he surrender his underwear for police inspection and subsequent use on the trial, by utilizing the Texas post-conviction remedy contained in Article 11.07, Texas Code of Criminal Procedure. O'Neal replies that the precise point which he seeks to make in his federal habeas corpus case, to-wit, the use by the state of evidence obtained following an illegal arrest, and thus a deprivation of his constitutional rights, was presented by him on direct appeal to the Texas Court of Criminal Appeals, and decided against him in that court. It is clear that the Texas appellate court decision expressly held that there was probable cause for the arrest and that the arrest was in no other manner illegal. Moreover, that court held that the surrender of the underwear by O'Neal was voluntary.

We cannot help noticing the waste of judicial manpower and the time of voluntary counsel appointed by the court that results when we have to decide that, after a final evidentiary hearing in the district court and a full appeal and argument here, it becomes the duty of the court to determine that state remedies have not been exhausted under 28 U.S.C.A. 2254(b) and within the concept

of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, until the state has been given an opportunity to consider once again, after conviction, a petitioner's contention of a constitutional deprivation of his rights when adequate post-conviction remedies are afforded as in Texas. Nevertheless, we recognize that such a course is sometimes not only necessary, but is also required by the deference we owe to the state courts. See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261, in which this court elaborated upon the policy considerations that require the remand of such a case by the district court unless the petitioner has pursued the remedies which Texas has provided.

There are two distinctions between this case and Payton which we think makes the Payton requirement of remand to the state court inapplicable here.

In the first place, we do not have here any unresolved issues of fact that need to be decided to support the determination of the habeas judge that O'Neal was held in illegal restraint when he surrendered the underwear to the police officers. We have merely the question whether the state court or the federal district court made the correct legal conclusion from the facts of record.

In the second place, the Payton case was being reversed as erroneous by this court and a new hearing was required in any event. This court pointed out in Payton that the petitioner was just "right back where he started." Under such circumstances this court very properly, in light of the provisions of Article 11.07, and especially because new findings of fact were there required, saw fit to require a dismissal in the district court for a remand to the state court.

Here, we agree with the trial court that the facts *as developed in the state court proceedings* (as also in the habeas corpus hearing) demand a finding that O'Neal was in illegal restraint. The Texas Court held that he was in custody under a lawful arrest. O'Neal v. State, 416 S.W.2d 433 (Tex.Crim.1967). We find no case that requires that we reverse this judgment of the district court in order that the petitioner be required to start over again in the state court to have the same Court of Criminal Appeals pass again on the precise legal question which it has decided adversely to the petitioner. We think such a procedure would be contrary to the teachings of Fay v. Noia, *supra*.

The judgment is affirmed.