**William Ray WOODS, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 5-753.**

United States District Court,
N. D. Texas,
Lubbock Division.

Jan. 18, 1971.

Thomas J. Griffith, Lubbock, Tex., for petitioner.

Crawford C. Martin, Atty. Gen., Larry J. Craddock, Asst. Atty. Gen., Austin, Tex., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

WOODWARD, District Judge.

On the 27th day of October, 1970, in Lubbock, Texas, a hearing was held in open Court on the petition of William Ray Woods for a writ of habeas corpus, and at such hearing the Petitioner was represented by his Court-appointed attorney, Hon. Thomas J. Griffith, of the Lubbock County Bar Association, and the Respondent was represented by Hon. Larry Craddock, Assistant Attorney General of the State of Texas. At such hearing evidence was introduced by both parties and the argument of counsel was heard, and at the close of the hearing the attorneys were directed to submit briefs to the Court, which briefs have been received and filed and considered by the Court.

After hearing, receiving and considering all of the evidence, argument of counsel, exhibits, briefs and pleadings in the above entitled and numbered cause, the Court files the following:

## FINDINGS OF FACT

I. Petitioner first filed his application for a writ of habeas corpus with the District Court of Garza County, Texas, and the application was denied without an evidentiary hearing, and the Court of Criminal Appeals of the State of Texas on February 27, 1970, affirmed the action of the State District Court without a written opinion. The Petitioner then filed his application for a writ of habeas corpus in this Court on April 14, 1970, and it is this application which is now pending before the Court.

II. Petitioner's application to this Court sets forth the following grounds as a basis for the relief sought:

A. That the Petitioner was denied the right to appeal his conviction and sentence by the District Court of Garza County, Texas, during the September term of 1951 when he was convicted and sentenced from two to fifty years of murder with malice, and after trial before a jury on a plea of not guilty.

B. That the jury at his trial in the state court received testimony and evidence outside of Court.

C. That the jury was guilty of misconduct.

From the evidence, amended pleadings of the Petitioner, and argument of counsel, it is apparent that the Petitioner had intended, by his application to this Court to raise the following grounds, and it was after this Court appointed an attorney to represent the Petitioner in the cause now pending before the Court that the amendment was allowed and received so that the Court could consider the following grounds:

A. That the Petitioner made no intelligent and competent waiver of his right to appeal the conviction and sentence above referred to. This point was presented to the state court in the application for a writ of habeas corpus before the state court.

B. That there was a conflict of interest in his Court-appointed counsel at his trial and conviction in the state

court in 1951 as his counsel at that time, Hon. Pat Walker, an attorney at law of Post, Texas, was a partner of the County Attorney for Garza County, Texas, where the trial was held, and Petitioner was thereby denied effective assistance of counsel. This point was also raised and presented to the state court in the application for a writ of habeas corpus before the state court.

C. The Petitioner was denied due process of law in that he was tried, convicted and sentenced under an indictment in Cause No. 718 of the District Court of Garza County, Texas, while the proper number of the indictment was No. 739 of said Court. The indictment in Cause No. 718 was quashed and dismissed as will be later shown in this Findings. This point was not raised before the state district court in Petitioner's application for a writ of habeas corpus in that court.

D. Petitioner, a negro, now claims that the Grand Jury which returned the indictment against him in Cause No. 739 was one selected by a process that systematically excluded negroes from service on such Grand Jury. This point was never presented by Petitioner to the state court in his application for a writ of habeas corpus to that court.

E. Petitioner has further alleged that there was jury misconduct in that the jury received evidence after the completion of the trial which it considered in convicting Petitioner. This question was not presented to the state court in Petitioner's application for a writ of habeas corpus to that court, and no evidence was introduced at the evidentiary hearing in this Court concerning such jury misconduct which Petitioner feels denied him due process of law.

III. Shortly after Petitioner's arrest in October of 1950, the Hon. Pat N. Walker, an attorney of Post, Garza County, Texas, was appointed by the state district court to represent Petitioner on the charge of murder with malice. Mr. Walker represented Petitioner in both his first and second trials (the second trial being held in December of 1951), in all proceedings leading thereto, and in all other matters in connection with the investigation and preparation of his defense in this cause.

IV. Petitioner was originally indicted in Cause No. 718 of the District Court of Garza County, Texas, and through the efforts of Mr. Walker this indictment was quashed because negroes had been systematically excluded from service on grand juries and trial juries in Garza County, Texas. Prior to the time that the indictment was quashed, there was a trial before a jury but a mistrial was declared when the jury could not agree on the innocence or guilt of the Petitioner.

V. Petitioner was re-indicted in Cause No. 736 of the District Court of Garza County, Texas, this indictment being returned by a subsequent Grand Jury and upon which one negro was a member. When this case was called for trial it was found that this indictment in Cause No. 736 was defective in that the wrong year for the alleged crime was alleged and this indictment was quashed.

VI. Petitioner was re-indicted for the third time by the Grand Jury containing one negro in Cause No. 739 in the District Court of Garza County, Texas, but the previous indictments were not dismissed until this indictment in Cause No. 739 was handed down by the Grand Jury.

VII. At his trial in December of 1951, the Petitioner was found guilty and sentenced to two to fifty years in the penitentiary. All of the proceedings in connection with this trial in December of 1951 were filed under the first indictment, No. 718, instead of No. 739. However, no evidence was introduced or presented to this Court that this misnumbering and mis-filing of the papers and pleadings in the Clerk's Office had in any way prejudiced the rights of the Petitioner, nor has it been shown in any way that this resulted in an unfair trial to Petitioner, but the indictments in all of said three causes were identical.

VIII. The attorney for the Petitioner in his state court trials, Hon. Pat N. Walker, was a partner of David C. Willis, who was the Democratic nominee for County Attorney at the time Mr. Walker was appointed, and Mr. Willis was elected without opposition at the general election of November of 1950 and served as County Attorney during all times pertinent to this matter after his election. Mr. Walker recognized the fact that his partner was the County Attorney, talked with others about it, and decided that he would not in any way discuss the matter with his partner, which he did not, and paid all expenses in connection with the Petitioner's case and the investigation of the case out of his own pocket instead of the partnership funds. David C. Willis did not participate in the prosecution of the Petitioner in any way and did not attend the trial as he was out of the state during the time of the trial. The case was prosecuted by the District Attorney and his assistants without any assistance, help or advice from the County Attorney of Garza County, Texas, Mr. Willis. No harm or unfairness resulted to the Petitioner because of this arrangement.

IX. Mr. Walker diligently investigated the case on behalf of his client, covering many miles interviewing witnesses and discovering evidence, and as above stated, was successful in having a hung jury at the first trial, although Petitioner was subsequently convicted at his next trial.

X. At all times in connection with Petitioner's trials and the proceedings in connection therewith Mr. Walker was an effective and a competent counsel for the Petitioner.

XI. After the jury verdict was received, on that evening or on the following day, Mr. Walker prepared a motion for a new trial and discussed it with the Petitioner in his jail cell. Although the Petitioner had been on bond until the jury verdict of guilty was received, he was placed in jail after such verdict.

XII. During the discussions concerning the motion for a new trial, Mr. Walker explained to the Petitioner that this was a step that was proper and needed for any appeal that might be filed, and he discussed with the Petitioner generally and notified the Petitioner of his right to appeal. During such discussions, Mr. Walker, as he testified at the evidentiary hearing in this Court, informed Petitioner that he did not feel that Petitioner had any grounds for an appeal or points upon which a reversal could be secured and he did not urge or recommend an appeal. The Petitioner denies any such conversation concerning an appeal, but the Finding of Fact of this Court is that such a discussion and notification did occur.

XIII. After and during such discussions Petitioner did not request that Mr. Walker, his attorney, prosecute an appeal, but remained silent and acquiesced in the recommendations of his attorney. During the conversation Mr. Walker did indicate his willingness to serve as an attorney for the appeal should Petitioner desire to appeal.

XIX. Although Petitioner testified at the evidentiary hearing that he remembers nothing about any discussion concerning his appeal, and that it was only after he entered the penitentiary that he realized that he had the right to appeal, he does state that the trial judge told him at the time of the sentencing that "Austin had denied his appeal." Mr. Walker, who was present at the time of the sentencing, testified before this Court that he remembers nothing about such a statement and that he does not believe it was made as it would not be in the nature of a trial judge to make such a statement, and the Court does not find that the trial judge made any such statement, although if Petitioner had heard it made it would be an indication that he was aware of his appeal rights.

XX. No appeal was perfected and no steps in connection therewith were taken after the motion for a new trial was denied by the trial judge.

XXI. At this time the records of the Court Reporter are not available for the perfection of any record on this appeal,

although the pleadings, judgments and other such matters are on file with the District Clerk of Garza County, Texas.

XXII. After being incarcerated in the penitentiary the Petitioner was given a parole and remained at liberty for several years, but upon a violation of parole he was returned to the penitentiary as a violator and is now in the custody of the Respondent.

Based upon the above Findings of Fact the Court files its following:

## CONCLUSIONS OF LAW

■ I. Because Petitioner did not raise the ground that the Grand Jury which indicted him in Cause No. 739 of the District Court of Garza County, Texas was selected by a process that systematically excluded negroes until after the evidentiary hearing and because he did not present evidence to substantiate this charge therein as is required in Muniz v. Beto, 434 F.2d 697 (5th Cir. 1970), and because he did not present this ground to the state court system, this Court is precluded from considering same under 28 U.S.C. § 2254, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), O'Neal v. Beto, 428 F.2d 1164 (5th Cir. 1970), and Texas v. Payton, 390 F.2d 261 (5th Cir. 1968). Further, this ground for the application will be dismissed without prejudice to the right of Petitioner to present same to the proper court.

■ II. Although Petitioner has presented the question of jury misconduct, alleging that the jury received evidence outside of open Court and after the close of testimony and had presented this issue to the trial court in his Motion for New Trial, no evidence in support thereof has been introduced or furnished this Court, and as the burden is on Petitioner to prove allegations of violations of Constitutional rights by a preponderance of the evidence, which Petitioner has failed to do, the application for writ of habeas corpus made to the Court on this ground of jury misconduct is denied. See Irving v. Breazeale, 400 F.2d 231, 236 (5th Cir. 1968), Tyler v. Beto, 391 F.2d 993, 995 (5th Cir. 1968).

■ III. As no harm or injury is shown to Petitioner, nor is it shown that in any way he received an unfair trial as a result thereof, the Petitioner's application for a writ of habeas corpus is denied on the ground that his court-appointed attorney, Mr. Pat Walker, was at such time the partner of the County Attorney of Garza County. In cases such as this where a potential conflict of interest is shown but where there is no showing of harm, prejudice or injury to Petitioner's defense, other courts have denied habeas corpus relief. See United States ex rel. Fletch v. Maroney, 280 F. Supp. 277, 279 (W.D.Pa.1968). Accordingly, there is no reason for this Court to hold that these allegations constitute valid grounds for granting a writ of habeas corpus.

■ IV. Petitioner is not entitled to a writ of habeas corpus on the ground that the pleadings and filings at the trial of his case were filed and numbered in Cause No. 718 rather than in Cause No. 739, even though the indictment in No. 718 was dismissed and quashed because of the systematic exclusion of negroes from the Grand Jury that returned the indictment in Cause No. 718. As this is a mere clerical error, the defect does not give rise to any constitutional grounds that would establish reasons for this Court to grant relief. Since mere clerical errors can be corrected at any time, see Lott v. United States, 309 F.2d 115 (5th Cir. 1962), Costello v. United States, 252 F.2d 750 (5th Cir. 1950), and United States ex rel. Fox v. Price, 257 F.Supp. 493 (W. D.Pa.1966), these errors may be corrected now. Therefore, since no harm, prejudice or unfairness resulted to Petitioner because of this mis-numbering and mis-filing, Petitioner's application for a writ of habeas corpus on this ground is denied.

V. Pat Walker was effective and competent in his representation of Petitioner during all stages of the criminal proceedings. At no time was the quality of representation such that it was a sham, a farce, or a mockery of justice. Therefore under the standards of Williams v. Beto, 354 F.2d 698 (5th Cir. 1965), Petitioner is not entitled to relief because of ineffective assistance of or incompetent counsel.

VI. As Petitioner was told of his right to appeal by his court-appointed counsel, discussed possible points of appeal on the motion for new trial, and was told by his attorney that he would represent him should he desire to appeal, the Petitioner intelligently and knowingly waived his right to appeal when he remained silent and did not instruct his attorney otherwise, but rather he accepted the advice and recommendation of his counsel that such an appeal would not have any valid grounds. Further, this holding is in accord with other recent decisions, Wilson v. Cox, 312 F.Supp. 209 (W.D.Va.1970), and Hairston v. Cox, 311 F.Supp. 1084 (W.D.Va.1970). In both decisions, which are factually akin to the instant case, the Court found that there was a knowing and intelligent waiver by a petitioner of his right to appeal under the strict standards of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Therefore, Petitioner is not entitled to relief upon the ground that he was not afforded an appeal in spite of his failure to knowingly and intelligently waive such right.

VII. There is no evidence that the State or any of its officials in any way denied the Petitioner his right of appeal from the conviction in the state court, and this case does not fall within the factual context of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), where the petitioner was denied the right of counsel on appeal. There being no other evidence found by this Court that would indicate denial of this right to Petitioner, the Petitioner's application for writ of habeas corpus on this ground must be denied.

VIII. Although it is not necessary to the final disposition of this case, it is questionable as to whether or not Petitioner would be entitled to any relief at this time, even though he might not have competently and intelligently waived counsel, as the record to perfect such an appeal is no longer available and through no fault of the State. See an almost exact factual situation decided accordingly in Pisani, Jr., v. Warden, Maryland Penitentiary, 289 F.Supp. 232 (U.S.D.C.Md., 1968), following the Supreme Court of the United States in Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963). See also United States ex rel. Smart v. Pate, 318 F.2d 559 (7th Cir. 1963).