**Edward N. JACKSON, Petitioner-Appellant,**

v.

**E. B. CALDWELL, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellee.**

**No. 71-2731**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1972.

---

* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Edward N. Jackson, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., Harold N. Hill, Jr., Courtney Wilder Stanton, Dorothy T. Beasley, W. Hensell Harris, Jr., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In his petition for the writ of habeas corpus filed below, appellant, a Georgia state prisoner, alleged that Negroes were systematically excluded from his grand and petit juries. The district court denied the petition for failure to exhaust state remedies. We affirm.

This is the second time appellant has brought this issue before this Court. In Jackson v. Smith, 5th Cir. 1970, 435 F.2d 1284, this Court affirmed the district court's dismissal of the issue for failure to exhaust state remedies. In the interim appellant has not presented the issue to any state court, but he contends that it would be futile to do so, and cites this Court's opinion in Davis v. Smith, 5th Cir. 1970, 430 F.2d 1256. In that case Davis, a Georgia state prisoner convicted prior to the decision in Whitus v. Georgia, 1967, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599, alleged racial discrimination in jury selection. He first applied for habeas corpus in the state trial court, which denied relief. Then, without filing an appeal to the Georgia Supreme Court he sought habeas relief in federal court. The district court denied relief for failure to exhaust state remedies. This Court reversed, stating that Davis should not be required to appeal to the Georgia Supreme Court, which had previously ruled that prisoners in Davis' position were not entitled to habeas corpus relief in Georgia courts.

As the district court stated, *Davis* is not applicable to this present case. *Davis* does not indicate that a state prisoner need not make *any* attempt to exhaust state remedies because it appears his efforts would ultimately be fruitless. The resolution of the issue raised will require an evidentiary hearing. No Georgia state court has had the opportunity to consider the underlying facts upon which appellant bases his claim. This Court has consistently held that the first opportunity to determine those facts should be afforded to the state courts. Mobley v. Smith, 5th Cir. 1971, 443 F.2d 846; Fitzgerald v. Wainwright, 5th Cir. 1971, 440 F.2d 1049; Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731; see also O'Neal v. Beto, 5th Cir. 1970, 428 F.2d 1164. The judgment below is affirmed.

Affirmed.