**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfred HANNA, Defendant-Appellant.**

**No. 80–5218**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Oct. 27, 1980.

Shamim A. Mirza, Hialeah, Fla. (Court-appointed), for defendant-appellant.

Atlee W. Wampler, III, U. S. Atty., Steven E. M. Hartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant Hanna was charged in a 148-count indictment with knowingly and intentionally encouraging and inducing the unlawful entry of 148 aliens into the United States in violation of 8 U.S.C. § 1324(a)(4). After a five day bench trial he was convicted on 12 counts and sentenced to four years on each count to be served concurrently.

Viewing the evidence and credibility choices in the light most favorable to the government, with all reasonable inferences to be drawn therefrom, *Glasser v. U.S.*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed.2d 680 (1942), the following was proved. Appellant was the captain of a vessel that picked up 148 Haitians from two ports in Haiti. He was employed to take the boat to Miami. At one port he assisted the aliens in boarding. He had not participated in negotiations between the aliens and the owners of the vessel, but prior to departure he was seen at the home of one of the persons to whom some of the aliens had paid their money for transportation to the United States; this person was the father of one of the owners. On route to the United States, a 12 day voyage, appellant left the vessel in a small boat, went to an island, and brought back food and water for the passengers.

On arrival at Miami, Hanna called police and told them he had picked up the passengers on a cay in the Bahamas where he had found them stranded. Actually he had instructed the aliens to confirm this story if they were apprehended. In the telephone conversation police told Hanna several times that he would not be involved and would not have any problem by reason of having gotten in touch with them.

1. The evidence of intent was sufficient. The trial judge found Hanna's story not credible. Applying the test for conviction based on circumstantial evidence, the trial judge as fact finder might reasonably have found that the evidence excluded every reasonable hypothesis except guilt. *De-Luna v. U. S.*, 228 F.2d 114, 116 (5th Cir. 1955). The testimony was adequate to support a finding of guilt as principal or as an aider and abettor.

**194**

2. Hanna makes a cursory general claim that because he was placed in jail and the vessel and other crew members were released he was denied constitutional rights to secure the presence of witnesses. He had the fundamental right to compulsory process, but he made no effort to subpoena any witnesses. There is no evidence that the United States made the crew members unavailable to the defendant. There has been no proffer by Hanna that any specific crewman would have given any exculpatory evidence.

3. Hanna says there was insufficient evidence to sustain his conviction on counts 52 and 59 because the aliens named in these counts did not testify in person. We do not review this assertion because the concurrent sentence doctrine makes it unnecessary.

 4. One of the boat owners was not prosecuted though he was in the United States, and the vessel was returned to him rather than being confiscated. Hanna was not, however, subjected to unconstitutional selective prosecution. He has not shown that others similarly situated have generally not been prosecuted nor has he shown that the alleged selectivity was invidious or in bad faith. *U. S. v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir. 1980).

5. The assurances given by police to Hanna over the telephone did not constitute entrapment. When the conversation occurred the offense already had been committed. The conversation was, of course, relevant to the issue of intent, but it did not confer immunity on Hanna or otherwise bar the government from prosecuting him.

6. Ten Haitian passengers testified. Independent corroboration of their testimony was not required.

7. The evidence was not insufficient as a matter of law on the ground that Hanna received no payment of money from any Haitian passengers. The fact finder could find that his participation encouraged or induced the aliens to enter the United States. The contention that the state has judicial knowledge that economic and political conditions in Haiti are such that no Haitian requires inducement or encouragement to come to the United States is frivolous.

8. Though Hanna was charged with and tried for violation of § 1324(a)(4), the judgment says he was convicted under § 1324(a)(1). This is a clerical error readily correctable under F.R.Crim.P. 36. *Costello v. U. S.*, 252 F.2d 750 (5th Cir. 1958); *U. S. v. Rosado-Fernandez*, 614 F.2d 50 (5th Cir. 1980). The penalties under § 1324(a)(4) and (a)(1) are the same.

AFFIRMED.