**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jean PIERRE, Willie Auguste,**
**Defendants-Appellants.**

**No. 81–5800**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 4, 1982.

Federico A. Moreno, Moreno & Smith, P. A., Miami, Fla. (Court-appointed), for defendants-appellants.

Thomas G. Sherman (Court-appointed), Coral Gables, Fla., for Willie Auguste.

David Hammer, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

Appellants were convicted for smuggling illegal aliens into the United States, 8 U.S.C. § 1324(a)(1) and 18 U.S.C. § 2. We affirm.

Motions for judgment of acquittal on the ground of insufficiency of the evidence were properly denied. Viewing the evidence in the light most favorable to the government, drawing all reasonable inferences therefrom, and making the credibility choices that support the jury's verdict, a reasonable jury could have found each appellant guilty beyond reasonable doubt. *U. S. v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (Unit B en banc), which is binding on the Eleventh Circuit. *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982). It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *Bell, supra.* Pierre helped the passengers get on the boat in Bimini, and he and Auguste arranged the passengers after they boarded. In route to Miami each appellant operated the boat, taking turns at the wheel. When another boat approached, Pierre instructed the passengers to lie down in the boat, Auguste told everybody to lower their heads, and Pierre told persons on the other boat that he was fishing. When defendants landed on the Florida shore Auguste told one passenger to get off and run, and told another not to tell anyone who brought her to the United States if she were caught. Witnesses testified that they lacked proper documentation to enter the United States legally and stated that neither Auguste nor Pierre asked to see any documentation. Before trial one of the witnesses identified Auguste and Pierre as the two people who brought her to the United States, and three witnesses made the same identification at trial.

Requested instruction number 12 embodied a purported theory of defense. Terming a proposed jury instruction as a "theory of defense" does not automatically require that it be given. *U. S. v. Goss*, 650 F.2d 1336, 1344 (5th Cir. 1981). The first part of requested instruction number 12 was included in the jury charge. The remainder of number 12 was either not supported by the testimony or substantively covered in the instructions given, though not in the same precise language.

In requested instruction number 13 appellant sought to define "entry" as used in 8 U.S.C. § 1324(a)(1) so as not to include an alien's illegal entry followed by a grant of parole. As used in § 1324(a)(1), "entry"

is defined in 8 U.S.C. § 1101(a)(13) as "any coming of an alien into the United States, from a foreign port or place or from an outlying possession . . . ." Under 8 U.S.C. § 1182(d)(5), parole of an alien "shall not be regarded as an admission of the alien . . . ." In an almost identical case the former Fifth Circuit has held that a subsequent grant of parole to the aliens whom the defendant is charged with transporting illegally into the country does not erase the original, unlawful "entry". *U. S. v. Hanna*, 639 F.2d 194, 196 (5th Cir. 1981), on rehearing from 639 F.2d 192 (5th Cir. 1980). Although *Hanna* involved a conviction under § 1324(a)(4), no logical reason exists to define "entry" differently for a § 1324(a)(1) conviction. That parole does not erase the illegality of an original entry is good sense as well as good law.

■ Auguste urges a point peculiar to him. An officer testified that he responded to a report of a boat landing illegal aliens on the beach. When he came to investigate he saw Auguste at a pay telephone. Auguste saw him, abruptly hung up the telephone and started to walk away. The officer stopped him and asked him what he was doing, and Auguste answered that he was calling a friend to get his boat off the beach. The government unintentionally did not disclose to the defense that part of the statement referring to getting the boat off the beach but instead only revealed that Auguste told the officer he was calling a friend—there was no mention of a boat. The district judge ruled that the non-disclosure was harmless error in light of the other evidence produced at trial, and we agree. Auguste has not suggested how his defense would have varied if he had had prior knowledge of the statement. The thrust of his defense was to attempt to impeach the smuggled aliens who testified for the prosecution.

AFFIRMED.