UNITED STATES of America,
Plaintiff-Appellee,

v.

Christopher HALL, Defendant-Appellant.

No. 83–3020
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 3, 1983.

Kirk N. Kirkconnell, Winter Park, Fla., for defendant-appellant.

John E. Steele, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In this direct appeal from a criminal conviction for possession of marijuana with the intent to distribute, Christopher Hall challenges the district court's refusal to suppress certain evidence and the sufficiency of the evidence supporting his conviction. Finding no merit in any of defendant's contentions, we affirm.

Viewing the evidence in the light most favorable to the government, *United States v. Pierre,* 688 F.2d 724, 725 (11th Cir.1982), the record indicates that DEA agents began following James Wolfe, a suspected drug smuggler and dealer, as he arrived at the Tampa International Airport. Wolfe departed the airport in a gray Buick Riviera and arrived at the Econo Travel hotel in Sarasota shortly after 1:00 a.m. on July 29, 1982. At that time, agents observed a Ry-

der Truck located in the southeast corner of the parking lot. Defendant had rented the truck on July 28 and had agreed to return it on July 30. The Riviera left the Econo Lodge at approximately 2:30 a.m. but returned at about 10:30 a.m. Shortly thereafter, the individuals in the Riviera went to the truck. An individual, identified as defendant, entered the truck's cab and pulled away behind the Riviera. The truck and the Riviera took "what seemed to be evasive actions looking for surveillance . . . ."

Agents followed the two vehicles to a private residence located south of Coleman, Florida. While agents met at a small park approximately one mile north of the residence, a black Cadillac, registered to defendant's father, Bernie Hall, drove slowly by the agents. The Cadillac then returned to the residence. Five or ten minutes later, the Ryder truck left the residence followed closely by a blue Chevrolet registered to defendant's brother, James Hall. The truck, driven by defendant, began exceeding the 55 mph speed limit, while the Chevrolet was traveling at 30–40 mph. Consequently, the truck began outdistancing the surveillance unit which was following the two vehicles. The Chevrolet thwarted repeated efforts by the surveillance unit to pass the Chevrolet by crossing the center line. The agents eventually passed the Chevrolet and, traveling 75–80 mph, caught up with the truck. Upon approaching the truck, the Chevrolet began flashing its headlights on and off.

The truck proceeded to the Lake Hills Shopping Center where defendant parked the vehicle in an isolated area and proceeded to a nearby McDonald's restaurant. Defendant Hall remained in the restaurant for approximately one hour, always in view of the truck. DEA Agent Adams decided to enter the restaurant. While walking by the truck, she smelled the odor of marijuana emanating from the vehicle. Hall then left the restaurant, made several phone calls, waited for approximately forty-five minutes (facing the parked truck), was met by a white car which he entered, and departed. Authorities followed the white car.

Upon orders from DEA agent Adams, a uniformed Florida Highway Patrol trooper stopped the white car to identify Hall. Defendant identified himself and was advised of his *Miranda* rights. The officers permitted Hall to leave but were then told to return him to the shopping center. The officers told Hall that he was not under arrest at that time but suggested that he return to the parking lot. Hall agreed to return; he was not arrested, handcuffed or searched but was not free to leave.

Arriving at the truck, Hall approached Agent Serra and asked the agent what he smelled. When Agent Serra asked for the keys to the truck, Hall indicated that he did not have the keys. Hall held out his hands simulating the handcuff position and said, "arrest me, arrest me." Hall volunteered that he could not smell marijuana. The district court found as matter of fact that these remarks were unsolicited and not a result of questioning.

Agent Serra obtained a tire tool in order to remove the lock but found the tool unnecessary since the lock was turned upside down and had never latched. Upon opening the unlocked door, agents saw approximately 3000 pounds of marijuana.

■ As a preliminary matter, the government asserts that defendant waived, as a matter of law, any appellate review of the district court's order refusing to suppress the marijuana and certain statements. Hall's trial counsel did not file any objections to the magistrate's report and recommendation within the time period set forth in footnote 1 of the report as required under 28 U.S.C. § 636 (1976) and Local Rule 6.02. In *United States v. Lewis,* 621 F.2d 1382, 1386 (5th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981), the court held that the defendant's failure to file a timely objection to the magistrate's report and recommendation barred appellate review of those issues. The *en banc* court, however, modified this rule in *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982), holding that appellant's failure to object "bar[s] the party from attacking on appeal factual find-

ings in the report accepted or adopted by the District Court except on grounds of plain error or manifest injustice."

In *Hardin v. Wainwright,* 678 F.2d 589, 591 (5th Cir. Unit B 1982), the court stated that the holding in *Nettles* substantially modified the rule articulated in *Lewis.* "The failure to object no longer waives the right to appeal but simply limits the scope of appellate review of factual findings to a plain error review; no limitation of the review of legal conclusion results." *Id; see United States v. Warren,* 687 F.2d 347 (11th Cir.1982). We conclude that Hall has not waived his right to appeal the district court's suppression rulings but may challenge the district court's findings of facts only under a plain error standard.

■ Hall argues that he has standing to challenge the search of the truck. In order to have standing to assert a fourth amendment right, a person must have a reasonable expectation of privacy in the item searched. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Long,* 674 F.2d 848, 852 (11th Cir.1982). The defendant bears the burden of showing that he possesses a privacy interest. *Rakas v. Illinois,* 439 U.S. at 130 n. 1, 99 S.Ct. at 424 n. 1. The government argues, and the district court held, that Hall abandoned his reasonable expectation of privacy by leaving the truck parked at the shopping center.

■ We disagree. Defendant had rented the Ryder truck for a period which had not expired when agents searched the vehicle. We recognize that "[t]raditional or common law theories of property rights do not automatically confer standing to challenge a search." *United States v. Dyar,* 574 F.2d 1385, 1390 (5th Cir.1978), *cert. denied,* 439 U.S. 982, 99 S.Ct. 570, 58 L.Ed.2d 653 (1978). Defendant had legally parked the truck and never denied ownership of the truck. When first stopped by officers, appellant told Agent Richards that the truck parked at the shopping center belonged to him.

■ In concluding that defendant had abandoned the truck, the magistrate em-phasized that Hall probably knew that the government agents had followed the truck before parking at the shopping center. The magistrate also noted that Hall did not possess keys either to the cab or the storage area. Unlike the situation presented in *United States v. Williams,* 569 F.2d 823 (5th Cir.1978), Hall parked the vehicle in a legal parking space in a shopping center: he did not detach a part of the truck in a rest area. Based on an objective view of the facts as found by the magistrate, we conclude that Hall did not abandon the Ryder truck and possessed a reasonable expectation of privacy in the truck.

Appellant contends that the district court erred in concluding that the officers did not violate the fourth amendment in conducting a warrantless search of the truck. Hall concedes that the officers had probable cause to believe that the truck contained marijuana. Appellant's Brief at 23. Appellant contends that the officers, nevertheless, should have obtained a warrant prior to searching the truck.

■ Government agents may search an automobile without a warrant if they can establish probable cause and exigent circumstances. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *United States v. Ross,* 456 U.S. 798, 807 n. 9, 102 S.Ct. 2157, 2163 n. 9, 72 L.Ed.2d 572 (1982), the Supreme Court noted that "if police officers have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct an immediate search of the contents of that vehicle." Exigency must be determined at the time of the seizure of an automobile, not at the time of its search. *United States v. McBee,* 659 F.2d 1302, 1305 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982); *United States v. Mitchell,* 538 F.2d 1230, 1232 (5th Cir. 1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1578, 51 L.Ed.2d 792 (1977). At the time law enforcement officials seized Hall's truck, there may still have been a danger that the vehicle or its contents would be

moved before the officers obtained a valid search warrant. *See United States v. Chadwick,* 433 U.S. 1, 13 n. 7, 97 S.Ct. 2476, 2484 n. 7, 53 L.Ed.2d 538 (1977); *Chambers v. Maroney,* 399 U.S. at 52, 90 S.Ct. at 1981–1982; *United States v. McBee,* 659 F.2d at 1306. "[W]arrantless searches of vehicles by state officers have been sustained in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not nonexistent." *Cody v. Dombrowski,* 413 U.S. 433, 441–42, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973). The procedures used by the authorities in searching Hall's vehicle were reasonable and satisfied the fourth amendment.

■ Appellant asserts that the district court should have suppressed all of appellant's statements made after he returned to the shopping center. The district court suppressed all statements except defendant's self-identification to Agent Shriver and defendant's spontaneous remarks made upon his return to the shopping center. The magistrate found that defendant's remarks were unsolicited and not the product of questioning. A district court need not suppress spontaneous remarks which are not the product of "interrogation." *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). The evidence in the record clearly supports the magistrate's conclusion that Hall's statements were spontaneous. *See United States v. Espinosa-Orlando,* 704 F.2d 507, 513–14 (11th Cir.1983). We conclude that the district court correctly refused to suppress Hall's identification and spontaneous remarks made upon his return to the shopping center.

■ Finally, appellant urges that the evidence was insufficient to sustain his conviction. Evidence is sufficient if, when viewed in the light most favorable to the government and drawing all inferences and making credibility choices supporting the verdict, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Castaneda-Reyes,* 703 F.2d 522, 524 (11th Cir.1983); *United States v. Pierre,* 688 F.2d 724, 725 (11th

Cir.1982). We have carefully reviewed the record and conclude that the evidence was clearly sufficient to support the jury's verdict. The judgment of the district court is

AFFIRMED.