**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Saul S. HERRERA–BRITTO,**
**Defendant-Appellant.**

**No. 83–5796**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1984.

**552**

Frederick E. Graves, Fort Lauderdale, Fla. (court-appointed), for defendant-appellant.

Stanley Marcus, U.S. Atty., Gregory Kehoe, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Defendant was convicted of possession with intent to distribute marijuana on a vessel subject to the jurisdiction of the United States in violation of 21 U.S.C. Sec. 955a(a) (Supp. V 1981). Defendant was captain of the stateless vessel MISS SHIRLEY, whose hold contained approximately 426 bales of marijuana discovered upon boarding by the U.S. Coast Guard. Defendant raises several issues on appeal. All are meritless.

▮ The court correctly refused to give defendant's duress instruction. No substantive evidence in the record supported this instruction. Evidence of alleged duress in Colombia was admitted for the limited purpose to prove defendant's state of mind and not for the truth of the matters contained in those hearsay statements. Even accepting the truth of these statements, defendant showed no imminent harm sufficient to justify the instruction. *See U.S. v. Lee,* 694 F.2d 649, 654 (11th Cir.), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983).

▮ The Coast Guard had jurisdiction to seize and search the MISS SHIRLEY. The vessel was stateless and subject to the jurisdiction of the United States under 21 U.S.C. Sec. 955b(d) (Supp. V 1981). *See U.S. v. Marino-Garcia,* 679 F.2d 1373, 1383 (11th Cir.1982), *cert. denied,* 459 U.S. 1114, 103 S.Ct. 748, 74 L.Ed.2d 967 (1983).

▮ Admission of defendant's statement to Coast Guard boarding officers that marijuana was on board and that he was responsible for it did not violate *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant volunteered these statements to the officers. The statements were not made in response to any question or interrogation. Their admission does not violate *Miranda. See U.S. v. Hall,* 716 F.2d 826, 830 (11th Cir. 1983), *petition for cert. denied,* — U.S. ——, 104 S.Ct. 3534, 81 L.Ed.2d — (1984).

▮ The court did not err in admitting a certified document signed by the general commander of the Naval Force of Honduras and attested to by the Minister of National Defense and Safety of Honduras stating that a search of vessel registration records at the Honduras Naval Command Headquarters revealed no registration for the vessel MISS SHIRLEY. The document met the requirements of Fed.R.Evid. 902(3) and 803(10), *see U.S. v. Martinez,* 700 F.2d 1358, 1364–65 (11th Cir.1983), and had sufficient indicia of reliability to satisfy the confrontation clause.

The prosecutor's closing argument did not prejudice substantial rights of the defendant, *see U.S. v. Vera,* 701 F.2d 1349, 1361 (11th Cir.1983), and the trial court did not abuse its discretion in denying defendant a continuance.

AFFIRMED.