**CLD-042**                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2869
_____

UNITED STATES OF AMERICA

v.

RYAN J. WASHINGTON,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Criminal No. 02-cr-00320)
District Judge:  Honorable Anne E. Thompson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2012

Before: RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 6, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Pro se appellant Ryan J. Washington appeals the District Court's denial of his

motion to correct his judgment and commitment order pursuant to Fed. R. Crim. P. 36.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's

denial of the Rule 36 motion for abuse of discretion.  United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982);  United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999). For the reasons that follow, we will summarily affirm the judgment of the District Court.

In 2003, Washington was convicted by a jury of conspiracy to commit bank robberies in violation of 18 U.S.C. § 1951 (Count 1), use and carrying  of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1) (Counts 2 & 4)), attempted bank robbery in violation of  18 U.S.C. § 2113(a) (Count 3), and being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) (Count 7).  These convictions arose from the armed robbery of nine banks, and the attempted armed robbery of a tenth, by Washington and his three codefendants.  Washington was sentenced to 619 months of imprisonment.  On appeal, we affirmed the judgment of conviction as well as the 7-year and 25-year mandatory consecutive sentences for using and carrying a firearm in relation to a crime of violence, but vacated the sentences imposed on the convictions for conspiracy, attempted bank robbery and felon in possession of a firearm.  United States v. Goggans, 257 F. App'x 515 (3d Cir. 2007).  We remanded for resentencing in light of the Supreme Court's decision in  United States v. Booker, 543 U.S. 220 (2005).  Id. at 517-18.  On remand, Washington was sentenced to 444 months of imprisonment, and we affirmed the amended judgment and conviction.

In 2011, Washington filed a motion to correct a clerical error pursuant to Fed. R. Crim. P. 36.  Specifically, Washington sought correction of his judgment and

2

commitment order[1], which lists the title and section of each offense, but not the statutory subsection. Washington argues that the subsections should be included for Counts 2, 4 and 7, so that the "charges used to confine him are accurately reflected" in the order.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." U.S. v. Guevremont, 829 F.2d 423, 425 (3d Cir. 1987) (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). As we have explained, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). In Washington's case, the failure to include the subsections did not result in a substantive error in his sentence, but merely a clerical error in the judgment order. See United States v. Hanna, 639 F.2d 192, 194 (5th Cir. Unit B 1980) (holding that it was a "clerical error readily correctable" under Rule 36 where the judgment of conviction named a different subsection than that for which the defendant was charged and tried, but where the penalties were the same); see also United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997) (finding that a judgment that incorrectly cited a statutory subsection that did not exist was merely a

---

[1] Although Washington initially refers to the 2003 judgment and commitment order, a copy of which he attaches to his motion, he subsequently refers to the 2008 amended

3

clerical error). Although the "omission" of a subsection could be the type of clerical error that Rule 36 *may* be used to correct, the court did not abuse its discretion in declining to do so. When read in its totality, the amended judgment and commitment order accurately reflects the judgment pronounced by the Court. In addition to the title and section of each offense, the Order includes a description of the nature, date, and count number of each offense. The District Court, therefore, did not abuse its discretion in refusing to correct the Order. See U.S. v. Hovsepian, 307 F.3d 922, 934 (9th Cir. 2002) (finding no abuse of discretion in denial of Rule 36 motion despite the fact "undisputed clerical errors existed").

Accordingly, because no "substantial question" is presented as to the denial of the Rule 36 motion, we will summarily affirm the judgment of the District Court entered June 22, 2012. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

order, which contains the same alleged errors and is clearly the intent of the motion.