CLD-036                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3474
_____

UNITED STATES OF AMERICA

v.

FRANK MARTINES,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No 2:94-cr-00127-003)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2013
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: November 12, 2013)
_____

OPINION
_____

PER CURIAM

    Frank Martines, a federal prisoner, appeals pro se from the District Court's order

denying his motion to correct clerical errors.  For the following reasons, we will

summarily affirm.

## I.

In 1995, the District Court convicted Martines of racketeering, murder in aid of racketeering, and related offenses, and, in 1996, sentenced him to life imprisonment plus various concurrent sentences. In July 2013, Martines filed a motion to correct purported clerical errors pursuant to Fed. R. Crim. P. 36. Specifically, Martines sought correction to his judgment, which lists the title and section of each offense but not the statutory subsection. He argued that the subsection should be included for counts 10 and 12. He also argued that the Court's deputy clerk should have retyped the judgment to reflect the correct counts for which a life sentence was imposed instead of making the corrections by interlineation. The Government filed a response, contending that Martines's requests were frivolous because they were unnecessary. The District Court denied the motion, agreeing with the Government's arguments. This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] We may summarily affirm if the appeal does not present a substantial question. See 3d I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Rule 36 provides that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." A clerical error "must not be one of

---

[1] Apparently, we have not established in this Circuit a precise standard for review of Rule 36 motions. Although there is disagreement among the circuits, see, e.g., United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999) (abuse of discretion); United States. v. Burd, 86 F.3d 285, 287 (2d Cir. 1996) (de novo), we need not resolve that issue today because we would affirm under any available standard.

judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987) (internal quotation and citation omitted).

Here, the omission of the statutory subsections from Counts 10 and 12 of Martines's judgment did not result in a substantive error in his sentence. In fact, it is not even clear that it resulted in any error at all. The cited statutory sections are not incorrect; Counts 10 and 12 of the judgment rightly refer to 18 U.S.C. §§ 1951 and 1955, respectively. Rather, the judgment is simply imprecise; it does not refer to the specific statutory subsections. Cf. United States v. Hanna, 639 F.2d 192, 194 (5th Cir. 1980) (holding that it was a "clerical error readily correctable" under Rule 36 where the judgment cited a different subsection than that for which the defendant was charged and tried, but where the penalties were the same); United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997) (finding that a judgment that incorrectly cited a non-existent statutory subsection was merely a clerical error). Even if the omission of the statutory subsections does constitute a clerical error in the judgment, the District Court did not abuse its discretion in declining to correct it via Rule 36. See United States v. Hovsepian, 307 F.3d 922, 934 (9th Cir. 2002) (finding no abuse of discretion in denial of Rule 36 motion despite the fact that "undisputed clerical errors existed"). As Martines himself conceded, this omission is trivial. When read in its totality, the judgment order accurately reflects the judgment pronounced by the Court.

Martines's other argument is even more unavailing. He contended that the District Court's deputy clerk should have retyped the judgment to reflect the correct counts for

3

which a life sentence was imposed instead of making the corrections by interlineation. The judgment was indeed corrected. That it was not corrected in the way that Martines would have preferred is of no moment. The District Court therefore did not abuse its discretion in correcting the error by interlineation instead of by retyping the judgment.

For the reasons given, the District Court properly denied Martines's motion to correct clerical errors. Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. <u>Murray</u>, 650 F.3d at 248; <u>see also</u> 3d Cir. I.O.P. 10.6.