UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Lee ALEXANDER, Defendant–Appellant.

No. 87–8168.

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1988.

Andrew J. Ryan, III, Savannah, Ga., for defendant-appellant.

William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK[*], Senior Circuit Judge.

JOHNSON, Circuit Judge:

This is an appeal from the district court's denial of the appellant's motion to suppress evidence found by F.B.I. agents during a warrantless search of a parked car. We affirm.

## I.

On December 12, 1986, a man wearing a tan jacket and brandishing a chrome-colored revolver robbed a bank in Savannah, Georgia. The robber escaped with approximately $3,120 in cash. However, as the gunman fled on foot, a "dye-bomb" placed in the bag of money by the bank tellers exploded, staining much of the cash with red dye.

---

[*] Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

Shortly after the robbery, two local merchants reported that Robert Lee Alexander had made payments on outstanding credit purchases with red-stained money. After receiving this information, the F.B.I. showed three bank tellers a photo "spread" of seven possible suspects. Alexander's photograph was included in the photo spread, and the tellers identified Alexander as the suspect who most resembled the robber.

On the basis of this information, F.B.I. Agent William Lawler secured a search warrant from a United States Magistrate to search the apartment Alexander shared with his brother. The five agents who searched the apartment found eight or nine dollars of red-stained money, receipts from the establishments where Alexander had purchased merchandise with dye-stained money, and two tan jackets, one of which closely resembled the jacket which bank surveillance photographs indicated that the robber wore. In addition, the agents found a .38 caliber cartridge and a shotgun. Alexander was not arrested during this search, nor was he read his *Miranda* rights. He told the agents that he had purchased the stained money at a discounted price from a person he could not identify or locate.

Agent Lawler then asked for and received Alexander's consent to search the vehicle which was parked outside Alexander's apartment and which the appellant had been driving during the several days prior to the search. The automobile was not registered in Alexander's name, but the appellant referred to the vehicle as his own.[1] At the time of the search, the car was parked in the parking lot reserved for tenants of the apartment building. This parking lot opened onto a public thoroughfare.

After Alexander consented to a search of the vehicle, Lawler asked him to sign a waiver form. Alexander refused, and he also withdrew his permission to search the car, stating that there were things in the car that he did not want the agents to see. At the suppression hearing, Lawler testified that Alexander's comments, taken in combination with the evidence found in the apartment, established probable cause to search the car. The agents then searched the car and discovered additional stained money and a chrome-colored revolver. At that point, Alexander was arrested and read his *Miranda* rights.

Alexander was indicted for bank robbery and for possession of firearms by a convicted felon.[2] Alexander's motion to suppress the evidence obtained in the search of the car was denied by the United States District Court for the Southern District of Georgia. Following a trial on February 19, 1987, a jury found Alexander guilty on each count. This appeal addresses the narrow question of whether the district court's ruling on the motion to suppress was correct.

## II.

■ This Court reviews the denial of a motion to suppress as a mixed question of law and fact. The appellant must show that the district court's findings of fact were clearly erroneous, *United States v. Newbern*, 731 F.2d 744, 747 (11th Cir.1984), but the application of the law to those facts is subject to *de novo* review. *See Adams v. Balkcom*, 688 F.2d 734, 739 (11th Cir. 1982). In considering the ruling on the suppression motion, this Court construes the facts in the light most favorable to the party who prevailed below. *United States v. Baron-Mantilla*, 743 F.2d 868, 870 (11th Cir.1984) (per curiam).

The basic premise of search and seizure doctrine is that searches undertaken without a warrant issued upon probable cause are *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). One of the well-established excep-

---

1. The record does not indicate who owned the car or in whose name it was registered.

2. The indictment charged him with possession of the revolver found in the car and the shotgun found in the apartment.

tions encompasses searches and seizures of automobiles. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Government officers may conduct a warrantless search or seizure of a vehicle if (1) there is probable cause to believe that the vehicle contains contraband or other evidence which is subject to seizure under law, and (2) exigent circumstances necessitate a search or seizure. *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). The traditional rationale for this exception to the warrant requirement was that automobiles could be quickly moved out of the jurisdiction, thereby thwarting law enforcement efforts. *Carroll,* 267 U.S. at 153, 45 S.Ct. at 285. This justification retains validity in the modern cases. *See, e.g., California v. Carney,* 471 U.S. 386, 390, 105 S.Ct. 2066, 2068, 85 L.Ed.2d 406 (1985); *United States v. Ross,* 456 U.S. 798, 806, 102 S.Ct. 2157, 2163, 72 L.Ed.2d 572 (1982).

The recent cases also emphasize that less rigorous warrant requirements govern searches of automobiles because people have a lesser expectation of privacy with respect to their automobiles. *Carney,* 471 U.S. at 391, 105 S.Ct. at 2069 (quoting *South Dakota v. Opperman,* 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976)). In *Carney,* the Supreme Court explained that the pervasive scheme of government regulation of motor vehicles necessarily leads to reduced expectations of privacy in a vehicle, as opposed to a home or office. 471 U.S. at 392, 105 S.Ct. at 2070. The Supreme Court has emphasized, however, that before a warrantless search is justified, the "overriding standard of probable cause" must be satisfied. *Id.; Chambers,* 399 U.S. at 51, 90 S.Ct. at 1981.

■ The Court's analysis in the present case must focus on whether probable cause existed to search Alexander's car for evidence of the bank robbery. Probable cause to search exists "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband." *United States v. Clark,* 559 F.2d 420, 424 (5th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977). In determining when reasonable cause exists to believe that a vehicle contains contraband, the Court examines "the totality of the circumstances and the inferences that flow therefrom." *Id.*

■ The totality of the circumstances here suggests that the F.B.I. had probable cause to search the car Alexander had been driving in the days prior to his arrest. Some red-stained money, a .38 caliber cartridge, and a tan jacket were among the items found in his apartment. The F.B.I. had significant evidence incriminating Alexander in the robbery, but it had not discovered the chrome-colored, .38 caliber revolver. Because Alexander had been driving the car in the days after the robbery, a reasonably prudent person would believe that the revolver and additional dye-stained money were in the car.[3]

■ Assuming that the totality of the circumstances provided probable cause to believe that the vehicle contained contraband, we must still determine whether exigent circumstances existed. The automobile exception permits warrantless searches based on probable cause because of the exigent circumstances connected with mobile vehicles. Traditionally, the exigency involved with an automobile consisted of the fact that a "car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Chambers,* 399 U.S. at 51, 90 S.Ct. at 1981. At present, however, the ability of a vehicle to become mobile is sufficient to satisfy the exigency requirement. *See Carney,* 471 U.S. at 392–93, 105 S.Ct. at 2070. The vehicle does not have to be moving at the moment when the police obtain probable cause to search. *Michigan v. Thomas,* 458 U.S. 259, 261, 102 S.Ct.

---

**3.** Alexander's comment to the agents that he had something in the car which he did not want them to see is not a factor in our decision. Probable cause to search the car existed before Agent Lawler ever asked Alexander to consent to a search of the vehicle. Moreover, we note that a defendant's refusal to consent to a search cannot establish probable cause to search. A contrary rule would vitiate the protections of the Fourth Amendment.

3079, 3080, 73 L.Ed.2d 750 (1982) (per curiam); ("[T]he justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant."); *Cady v. Dombrowski*, 413 U.S. 433, 441–42, 93 S.Ct. 2523, 2528–29, 37 L.Ed.2d 706 (1973) ("[W]arrantless searches of vehicles by state officers have been sustained in cases in which the possibilities of the vehicle's being removed or evidence in it [being] destroyed were remote, if not nonexistent."); *United States v. Hall*, 716 F.2d 826, 830 (11th Cir.1983) (quoting *Cady*), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 840 (1984).

In the case at bar, Alexander claims that the F.B.I. should have obtained a warrant prior to searching his vehicle because the car was stationary. In response, the government argues that at least two exigent circumstances existed which meet the minimum standard referred to in *Hall*. First, because the car was not registered in Alexander's name, the true owner could have driven it away, thus depriving the government of evidence. Second, Alexander's brother, or another friend or family member, might have returned to the apartment and sought to destroy evidence in the car if the vehicle was not searched immediately.[4] While the evidence of exigency is not overwhelming, this Court's precedents do not require overwhelming exigency.

*See United States v. McBee*, 659 F.2d 1302, 1306 (5th Cir. Unit B 1981) (police were justified in conducting a warrantless search of a car that they had already impounded because the mobility problem, though slight, continued to exist), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982).[5]

Based on the evidence noted above, the district court held that the government had satisfied the exigency prong of the automobile exception, but the court then stated an alternative holding. That is, it held that a showing of exigency is unnecessary pursuant to the Supreme Court's holding in *Carney*. In so holding, the district court followed *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir.1985), *cert. denied*, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986), in which the Ninth Circuit held that "probable cause alone justifies a warrantless search or seizure of a vehicle lawfully parked in a public place."

*Bagley* extends the automobile exception unnecessarily and the district court should not have adopted it. *Carney*, which involved the warrantless search of a mobile home that was located on a vacant lot, noted that the mobile home could become mobile with the turn of the ignition key. *Carney*, 471 U.S. at 393, 105 S.Ct. at 2070. Therefore, the exigency associated with potential mobility existed in that case, and it was part of the rationale for the Supreme Court's decision. Although this Court has required only a minimal showing of exigency, it has not said that probable cause, standing alone, is sufficient to justify a

---

**4.** Moreover, because Alexander had not yet been arrested, he could have destroyed the evidence in the car. Of course, this assumes that the F.B.I. would not have arrested him after the search of the apartment. While this is a dubious assumption, Agent Lawler testified that he did not believe that he had probable cause to arrest Alexander before the F.B.I. had searched the car and found the revolver. Clearly, this is incorrect, given that three bank tellers had identified Alexander, that dye-stained money and a tan jacket were found in the defendant's apartment, and that merchants told the F.B.I. that Alexander had spent red-stained money shortly after the robbery.

**5.** Alexander argues that *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564

(1971), requires that this search be ruled unconstitutional because his car was parked in front of a residence and was not likely to be used in a quick escape. In *Coolidge*, the Supreme Court stated that the warrantless seizure of a parked car was unconstitutional because no exigent circumstances existed. *Id.*, 403 U.S. at 464, 91 S.Ct. at 2037. *Coolidge* provides no support for Alexander because there was a danger that evidence in this case could be destroyed. As noted above, the more recent precedents of the Supreme Court and this Court demonstrate that only a slight showing of exigency is required to comply with the automobile exception. That showing was satisfied here.

warrantless search of an automobile. Thus, the district court erroneously relied on *Bagley* for its alternative holding.

■ In addition, we note that the district court's primary finding that exigent circumstances existed is a close question. However, even if the F.B.I. should have obtained a warrant in these circumstances, the district court's failure to suppress the evidence was harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In the case at bar, the search of the car only revealed additional dye-stained money and the revolver. The government's evidence at trial was more than sufficient to convict Alexander of bank robbery without the evidence obtained from the car. Moreover, Alexander would have been convicted on the firearms charge even if the revolver had been suppressed because the firearms charge consisted of possession of the shotgun and the revolver. These were not two separate counts of the indictment. Given the overwhelming evidence of Alexander's guilt, it is clear beyond a reasonable doubt that he would have been convicted even if the evidence obtained in the search of the car had been suppressed. *United States v. Hasting*, 461 U.S. 499, 510–11, 103 S.Ct. 1974, 1981–82, 76 L.Ed.2d 96 (1983).

### III.

Accordingly, because any error committed by the district court was harmless, Alexander's appeal must fail. We AFFIRM the district court's denial of Alexander's motion to suppress.