[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13429

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-14055 CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY THOMAS VORSTEG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2005)

Before DUBINA and WILSON, Circuit Judges, and LAWSON*, District Judge.

PER CURIAM:

_____
*Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia,
sitting by designation.

Appellant Stanley T. Vorsteg appeals his conviction of manufacturing or possessing with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1).

The issues presented on appeal are (1) whether the district court erred in affirming the magistrate judge's report and recommendation in regard to his finding that the barn was not part of the curtilage; (2) whether the district court erred in affirming the magistrate judge's report and recommendation in regard to his findings that the search warrant was supported by probable cause, and Investigator Tyson did not mislead Judge Estrada; (3) whether the district court erred in affirming the magistrate judge's report and recommendation in regard to his finding that the investigatory information for which the search warrant was based on was not stale; and (4) whether the district court erred in affirming the magistrate judge's report and recommendation in regard to his finding that the *Leon* good faith exception was applicable.

"Rulings on motions to suppress evidence involve mixed questions of law and fact. We review the factual findings of the district court for clear error and the application of the law to those facts de novo." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). Pertinent here, a court's determination of "[w]hat is curtilage is a question of fact." *United States v. Berrong*, 712 F.2d

1370, 1374 (11th Cir. 1983). In addition, in reviewing the denial of a motion to suppress, "this Court construes the facts in the light most favorable to the party who prevailed below." *United States v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the district court's order denying Vorsteg's motion to suppress and Vorsteg's conviction.

**AFFIRMED.**