[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13874
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00016-CR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRONSON FLANDERS PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 10, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Bronson Flanders Philips appeals his conviction and sentence for

distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1).

I

On appeal, Philips argues that the police did not have the reasonable articulable suspicion necessary to pull over his car, a black Camaro, because: (1) the confidential informant ("CI"), who told the police, after a controlled drug transaction, that the driver of a black Camaro had sold him drugs during this transaction, had acted unreliably; (2) the CI was unable to predict Philips's future behavior, and thus there was insufficient corroboration for his statement to the police; and (3) the only specifics that the police officers knew about the car that was involved in the drug transaction was the fact that it was a clean 1998 Camaro with tinted windows, and these specifics were not distinctive enough for them to identify whether Philips's Camaro was indeed that car.

When a party does not file objections to a magistrate judge's report, the factual findings of that report are reviewed for plain error. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982). However, the application of law to those facts is reviewed de novo. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004); Warren, 687 F.2d at 348 (11th Cir. 1982).

Under the Fourth Amendment, officers may not conduct random suspicionless stops of vehicles. Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct.

2

1391, 1401, 59 L.Ed.2d 660 (1979). However, in the absence of probable cause, a police officer may stop a vehicle and briefly detain the persons inside "in order to investigate a reasonable suspicion that such persons are involved in criminal activity." United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990) (citing Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). "In justifying such an intrusion . . . [the] police officer [must] be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Tapia, 912 F.2d at 1370 (internal quotation marks omitted). When examining whether a police officer had the requisite reasonable suspicion to initiate a traffic stop, a court must look at the totality of the circumstances, and it must consider "the collective knowledge of the officers involved in the stop." Id. We have held that reasonable suspicion and probable cause could be based on information provided by a CI who previously had provided reliable information in a number of other cases. United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).

The police had the reasonable articulable suspicion necessary to pull over Philips's vehicle because they were told, by a CI who had proven himself reliable in numerous past drug transactions, that the driver of a particular car, that they themselves had seen in a park, was selling drugs. The police officers then were

3

personally able to identify Philips's car as the one to which the CI was referring, and this identification provided them with reasonable articulable suspicion.

II

Philips next argues that his arrest, which occurred after the stop of his vehicle, was unconstitutional because it was based solely on contraband found in his passenger Bruce Gaines's pocket, and there was no evidence that Philips was in any way connected to this contraband. Thus, he contends, the police officers did not have the probable cause necessary to arrest him. He further argues that a search of his vehicle and his person that was conducted incident to his arrest also was unconstitutional (because his arrest was unconstitutional), and the fruits of that search should be suppressed.

As discussed above, an application of law to fact is reviewed de novo. See Warren, 687 F.2d at 348. The Fourth Amendment prohibits police officers from arresting a person unless they have probable cause to believe that person has committed a crime. United States v. Dunn, 345 F.3d 1285, 1289 (11th Cir. 2003). We have held that:

> For probable cause to exist, an arrest must be objectively reasonable based on the totality of the circumstances. This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an

4

offense. Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the same standard of conclusiveness and probability as the facts necessary to support a conviction.

Id. at 1290 (internal punctuation marks omitted). The Supreme Court has held that if drugs are found in the backseat area of a car, those drugs can be used as a basis to arrest all of the car's occupants because a reasonable officer could conclude that there was probable cause to believe that any of those occupants "had knowledge of, and exercised dominion and control over, the [drugs]." Maryland v. Pringle, 540 U.S. 366, 371-72, 124 S. Ct. 795, 800-01, 157 L. Ed. 2d 769 (2003).

In addition, once "an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment permits the arresting officers to contemporaneously conduct a warrantless search [incident to arrest]. . . of the passenger compartment of the automobile, as well as any closed (or open) containers found in this area of the automobile." United States v. Gonzalez, 71 F.3d 819, 824, 825 (11th Cir. 1996). The police also may search the person who is being arrested. Chimel v. Cal., 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040, 23 L. Ed. 2d 685 (1969).

Even where a search violates the Fourth Amendment, however, the fruits of that illegal search still can be admissible, under the inevitable discovery doctrine, if the government can establish by a preponderance of the evidence that: (1) "the information would have ultimately been recovered by lawful means;" and (2) "the

5

lawful means which made discovery inevitable were being <u>actively pursued</u> prior to the occurrence of the illegal conduct." <u>United States v. Virden</u>, 488 F.3d 1317, 1322 (11th Cir. 2007) (emphasis in the original).

The evidence that was found on Philips' person was admissible, under the inevitable discovery doctrine, because the lawful arrest of his passenger entitled the police to search the passenger compartment of Philips' car, and this search provided sufficient evidence to arrest Philips and to search him incident to his arrest.

III

Philips next argues that the search warrant for his residence, which was obtained after his arrest, lacked sufficient indicia of reliability because it: (1) made no mention of the CI and the fact that much of what it presented as fact was based on the CI's hearsay statements; and (2) falsely stated that Philips's vehicle was seen heading to and from Lancelot Drive. In the alternative, Philips argues that the evidence obtained during the search of his residence should be suppressed as fruits of the poisonous tree stemming from the illegal search of his car.

As discussed <u>supra</u>, a district court's application of law to fact, in a motion to suppress, is reviewed <u>de novo</u>. See <u>Warren</u>, 687 F.2d at 348. However, if there is an error, in the context of suppression, we will not reverse a district court's

6

decision if we determine that, under the doctrine of harmless error, the error in question did not have any impact on the proceedings. United States v. Alexander, 835 F.2d 1406, 1411 (11th Cir. 1988).

A magistrate can only issue a search warrant upon a showing of probable cause, which is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983). In cases involving hearsay information, the magistrate must examine the "veracity" and "basis of knowledge" of the person supplying the information. Id. If a warrant was based on a deliberate or reckless misrepresentation made by a police officer, that warrant is illegal if "the misrepresentation was essential to the finding of probable cause." United States v. Cross, 928 F.2d 1030, 1040 (11th Cir. 1991). Evidence that is gathered through the police's exploitation of an illegality must be suppressed as fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471, 488, 83 S. Ct. 407, 417, 9 L. Ed. 2d 441 (1963).

Irregularities in the affidavit for the search warrant of Philips's residence do not invalidate that warrant because: (1) the omission of the fact that some statements in the affidavit were hearsay was harmless error, as those statements were reliable; and (2) misrepresentations in the affidavit were not essential to the

7

finding of probable cause. Although it was error to omit the fact that the connection between the vehicle and the drug transaction was provided by the CI, the error was harmless because the magistrate would have found the CI to be reliable, based on his past dozen cases. Additionally, the minor technical errors he made in this case would not have undermined such a finding. Turning to the misrepresentations, they were not crucial to a finding of probable cause. The warrant's statement that Philips was involved in a drug transaction and that drugs and drug money were discovered in his car were enough to lead to a reasonable inference that Philips was dealing drugs and that there was a "fair probability" that more drugs would be found in his home. Finally, the results of the search of Philips's residence did not constitute fruit of the poisonous tree because the police did not commit any illegalities that would warrant suppression of the evidence in this case.

IV

Philips finally argues that the $150,000 fine imposed on him by the district court at sentencing was excessive and violated the Eighth Amendment because it was based primarily on his receipt of disability benefits, and the evidence showed that those benefits would be cut by 90% once he was sentenced.

If a defendant raises his inability to pay a fine as an issue before the district

court, the court's decision is reviewed for clear error under the doctrine of reasonableness. United States v. Gonzalez, 541 F.3d 1250, 1255 (11th Cir. 2008). However, if a sentencing issue is raised for the first time on appeal, we will review that issue only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

The Eighth Amendment prohibits the government from imposing "excessive fines" for an offense. U.S. Const., amend VIII. Under this amendment, a fine is unconstitutional "if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036, 141 L. Ed. 2d 314 (1998). With regard to reasonableness, we will consider a fine to be reasonable if the record reflects "the district court's reasoned basis for imposing a fine." Gonzalez, 541 F.3d at 1256.

The fine imposed on Philips was reasonable because the record indicates that the district court had a reasoned basis for imposing it. The district court found there was a reasonable possibility that Philips's disability benefits would not be

9

reduced after his imprisonment, and therefore it imposed a large fine that takes that possibility into account. If Philips's benefits are actually cut after his imprisonment, the district court indicated that it would consider remitting the fine. Therefore, because the record reflects the district court's reasoned basis for imposing the fine, this fine was reasonable. This fine also does not constitute plain error, under the Eighth Amendment, because there is no evidence that it was disproportionate to Philips's offense. Accordingly, we affirm the district court's decision.

**AFFIRMED.**