[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16825
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20394-CR-PAS


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO DUNCAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2009)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Alberto Duncan appeals his convictions for drug and firearm offenses, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Duncan challenges the district court's denial of his motion to suppress the drugs and gun discovered in a search of his home. Duncan maintains that his consent to search was not voluntary and that it was error for the district court to adopt the magistrate judge's finding on this point.[1] In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and application of law to the facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). And we construe all facts in the light most favorable to the prevailing party -- here, the government. Id.

Police officers, possessing neither reasonable suspicion nor probable cause, may still search a person without a warrant as long as they first obtain the voluntary consent of the person in question. United States v. Blake, 888 F.2d 795,

---

[1]Duncan also argues that the district court incorrectly applied a clearly erroneous, instead of de novo, standard of review when reviewing the magistrate's report. But the court stated that it had reviewed the report, the transcript of the suppression hearing, and Duncan's objections: hallmarks of de novo review. See United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) (a review of a magistrate's report to which a specific objection has been made requires de novo review of the record, instead of a de novo examination of the witnesses)

798 (11th Cir. 1989). Whether consent is voluntary is a question of fact to be determined by the totality of the circumstances; and the government bears the burden of proving both (1) the existence of consent and (2) that the consent was voluntary and not an acquiescence to a claim of lawful authority. Id.

Here, the record reveals that police officers knocked on Duncan's door, informed him that they had received a complaint that he was selling drugs out of his home, and asked him if they could search his home. Duncan denied selling drugs, but told officers they could search his home. An officer then gave Duncan a consent-to-search form and explained it to him, including that he could refuse to allow officers to search; Duncan signed the form.[2] No officer threatened Duncan and Duncan never asked the police to leave. Based on the totality of these circumstances and construing the facts in the light most favorable to the government, we cannot say that Duncan's consent was involuntary.[3]

---

[2] We discern no plain error in Duncan's argument (raised for the first time on appeal) that the consent-to-search form was invalid on its face because it did not state clearly that a search warrant supported by probable cause was required to search his home and because the form did not describe adequately the property to be searched.

[3] Duncan argues that the district court erred in adopting the magistrate's credibility determinations because the court relied on impermissible factors in discrediting his testimony, including Duncan's self-interest and use of a translator at the suppression hearing. Even if the district court relied on impermissible factors, any error was harmless. United States v. Alexander, 835 F.2d 1406, 1411 (11th Cir. 1988) (applying harmless error review in the context of the denial of a motion to suppress). Internal inconsistencies existed in Duncan's testimony and nothing compelled a rejection of the magistrate's credibility determination, given that Duncan's testimony corroborated the officer's testimony in material respects. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (we accept a credibility

3

As officers searched Duncan's home, a drug-sniffing dog alerted to an area of the kitchen cabinet under the sink. On the countertop, officers found a scale, several small plastic bags, and a cutting agent. In the cabinet, officers found an aerosol can wedged between the sink's pipes. Officers determined that the can had a false bottom; upon opening the false bottom, officers discovered four ounces of cocaine in it.

Duncan argues that even if he did consent voluntarily, police officers' use of the drug-sniffing dog and opening of the false-bottomed can exceeded the scope of his consent. We disagree. Officers told Duncan they were bringing in a dog, and Duncan made no objection. At the suppression hearing, Duncan provided no testimony that contradicted the officer's testimony that he consented to the use of the dog. Officers also made clear that they were searching Duncan's home because of a complaint that he was selling drugs, and Duncan consented to this search. Thus, officers were authorized to search containers that might reasonably contain drugs. See United States v. Martinez, 949 F.2d 1117, 1120-21 (11th Cir. 1992) (concluding that permission to conduct a general search for drugs includes permission to search any compartment or container therein that might reasonably contain drugs). And given the dog's alert, the close proximity of the can to drug

_____

determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it") (citation omitted).

4

paraphernalia, and the hidden nature of the can, it was reasonable for officers to suspect that the can contained drugs.

We now address Duncan's challenges to the district court's jury instructions. Duncan argues that the district court erred in refusing to give an instruction on the Religious Freedom Restoration Act ("RFRA") as an affirmative defense to the section 922(g) charge.[4] We review a district court's refusal to give a jury instruction for an abuse of discretion. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995).

The question of whether the RFRA applies is a "pure question of law, and is subject to de novo review." Lawson v. Singletary, 85 F.3d 502, 511-12 (11th Cir. 1996) (in the civil context). Moreover, the determination of pure questions of law in criminal cases are not the province of the jury. See United States v. Gauldin, 115 S.Ct. 2310, 2315 (1995). Because application of the RFRA was a question of law, we conclude that the district court abused no discretion in declining to submit the issue to the jury. Because the district court properly denied the requested jury instruction, we need not address Duncan's arguments about the applicability of the RFRA.

---

[4]When officers entered Duncan's house, they saw -- in plain view -- a gun inside a kettle that was part of a Santeria shrine. Duncan maintained that he was a practitioner of the African Yoruba religion and possessed the firearm for one of his shrines as part of his religion. He argues that section 922(g) substantially burdened the exercise of his religion.

Duncan also challenges the district court's denial of a jury instruction on the lesser included offense of simple possession. He contends that the quantity of drugs did not preclude finding that the drugs were for personal use. But the evidence presented at trial indicated that Duncan possessed more than 100 grams of cocaine (an amount greater than that normally associated with personal use) and that Duncan possessed drug paraphernalia. See Lee, 68 F.3d at 1273 (no abuse of discretion in denying simple possession jury instruction when defendant possessed 16 grams of cocaine in his pocket and evidence showed that he sold cocaine to distributors); United States v. Pirolli, 743 F.2d 862, 863 n.1 (11th Cir. 1984) (no simple possession instruction where the amount of cocaine -- over one pound -- was "too great for personal use"). Given the large quantity of drugs and the additional evidence of drug distribution, the court abused no discretion in concluding that the evidence was inconsistent with simple possession and denying the lesser-included offense instruction.

AFFIRMED.[5]

---

[5]We reject Duncan's argument that section 922(g) is unconstitutional because the act fails to require proof of a substantial nexus between the offense and interstate commerce. See United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (concluding that section 922(g) was a valid exercise of Congress's Commerce Clause power as long as the government showed the minimal nexus that the firearm moved in interstate commerce).