[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11906
_____

D. C. Docket No. 1:10-cr-20797-JEM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUREMYS MARCHANTE,

Defendant-Appellant.

_____

No. 11-12568
_____

D. C. Docket No. 1:10-cr-20797-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ,

Defendant-Appellant.

———————————————

No. 11-12441

———————————————

D. C. Docket No. 1:10-cr-20797-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISANDRA CRUZ,

Defendant-Appellant.

———————————————

Appeals from the United States District Court
for the Southern District of Florida

———————————————

(March 26, 2013)

Before CARNES and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Yuremys Marchante, Jose Cruz, and Lisandra Cruz appeal their convictions

and sentences imposed after being found guilty of the following:  Count

———————————————

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by
designation.

2

One–conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); Count Two–access device fraud, in violation of 18 U.S.C. § 1029(a)(2); and Counts Three and Four–aggravated identity theft, in violation of 18 U.S.C. § 1028A.  Each of the three Appellants raises several issues on appeal. The issues presented on appeal are as follows:

*A.  Evidence and Guilt/Innocence*

(1)  Whether the district court erred in failing to suppress a thumb drive as to Jose because it was seized from a nightstand that he and Marchante shared without a warrant or his consent.

(2)  Whether the district court erred in failing to suppress the thumb drive as to Jose and Marchante because law enforcement unreasonably delayed searching it for several months after it was seized.

(3)  Whether the district court abused its discretion in admitting the thumb drive into evidence against Jose and Marchante by determining the credit card numbers listed on the thumb drive were "inextricably intertwined" with the charged offenses, or were otherwise admissible under Federal Rule of Evidence 404(b).

(4)  Whether the district court abused its discretion in sustaining numerous Government objections to Marchante's cross-examination of witnesses.

(5)  Whether the district court erred in denying Marchante's motion for judgment of acquittal.

(6) Whether the district court erred in denying Lisandra's motion for judgment of acquittal.

(7) Whether the district court's jury instructions at Lisandra's trial were erroneous.

(8) Whether the district court abused its discretion in denying Lisandra's motion for a new trial.

(9) Whether Marchante and Lisandra are entitled to reversal of their convictions because of cumulative error.[1]

B.  *Sentencing*

(10)  Whether the district court clearly erred in applying an enhancement to Jose's and Lisandra's sentences for use of device-making equipment.

(11)  Whether the district court clearly erred in calculating the loss attributable to Jose and Marchante.

(12)  Whether the district court clearly erred in applying an abuse of trust enhancement to Lisandra's sentence. [2]

---

[1] Issues 4, 5, 7, 8, and 9 are affirmed without discussion.

[2] In a separate published opinion issued today, we affirm issues 10 and 12. *See United States v. Cruz*, ⸺ F.3d ⸺, Nos. 11-12568, 11-12441 (11th Cir. Mar. 26, 2013).

4

## I. THUMB DRIVE (ISSUES 1–3)

Before trial, Jose moved to suppress the contents of a thumb drive seized from the nightstand drawer in the bedroom he shared with Marchante. In the motion, Jose contended the contents of the thumb drive should be suppressed because: (1) Marchante's consent to the search was invalid, as the thumb drive did not belong to her; and (2) the search of the thumb drive was executed in a manner that unreasonably infringed on his possessory interest in the device. Marchante adopted Jose's argument that the contents of the thumb drive should be suppressed due to the delay in searching the thumb drive. The district court denied the motion.

The district court's denial of a motion to suppress evidence presents a mixed question of law and fact, so we review the district court's factual findings for clear error and its application of the law to the facts *de novo*. *United States v. Perez*, 443 F.3d 772, 774 (11th Cir. 2006). Additionally, "[a]ll facts are construed in the light most favorable to the prevailing party below." *Id.*

A warrantless search is constitutional if there is voluntary consent, either by the defendant, or in the absence of consent by the defendant, by showing "that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974). "[T]he consent of one who possesses common authority over premises or effects is valid as against

5

the absent, nonconsenting person with whom that authority is shared." *Id.* at 170.

Third party consent is generally valid if the third party has mutual use of the

property, with joint access to or control of the property. *Id.* at 171 n.7. The

Government bears the burden of establishing the third-party's common authority.

*Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990).

The Government made the requisite showing that Marchante had common

authority over the thumb drive and could consent to its search and seizure. The

thumb drive was found in the nightstand beside Jose's and Marchante's bed,

intermixed with items belonging to both Jose and Marchante. During the search,

agents discovered several items in the nightstand drawer, including: (1) 39 Disney

World tickets, several of which were purchased with credit card numbers skimmed

in the charged offense; (2) two debit cards embossed with Marchante's name; and

(3) the thumb drive. The nightstand drawer also contained men's socks and

underwear. Although Marchante disclaimed ownership of the thumb drive, she

also made a series of exculpatory statements about the other items found in the

nightstand. She stated she did not know why the Disney tickets were in the

drawer, and while she owned the debit cards, she did not know why they were re-

encoded.

Additionally, Marchante had access to the thumb drive and could exercise

control over it at any time. There was no evidence the thumb drive was encrypted

6

or locked such that Marchante could not access it. *See United States v. Stabile*, 633 F.3d 219, 233 (3d Cir. 2011) (concluding a defendant's girlfriend had common authority over six hard drives sufficient to consent to their search and seizure based in part on a computer not being password protected). Thus, the district court did not err in finding Marchante's consent to search the thumb drive was effective as to Jose.

Jose and Marchante contend our decision in *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), establishes that the Government's delay between the seizure and search of the thumb drive was unreasonable. In *Mitchell*, we held the government's three-week delay in obtaining a warrant to search the contents of a defendant's hard drive was unreasonable. *Id.* at 1351-52. *Mitchell*, however, does not support their position. A search warrant was not required in this case because Marchante gave authorities consent to search the thumb drive. *See Stabile*, 633 F.3d at 235 ("[W]here a person *consents* to search and seizure, no possessory interest has been infringed because valid consent, by definition, requires *voluntary* tender of property."). Thus, the district court did not err in denying the motion to suppress.

Alternatively, even without the evidence contained on the thumb drive, there was overwhelming evidence for the jury to convict both Jose and Marchante. Assuming, *arguendo*, the thumb drive should have been suppressed at trial, any

error in its admission was harmless as to both Jose and Marchante.  *See United States v. Alexander*, 835 F.2d 1406, 1411 (11th Cir. 1988) ("Given the overwhelming evidence of [the defendant's] guilt, it is clear beyond a reasonable doubt that he would have been convicted even if the evidence obtained in the search . . . had been suppressed.").[3]  We therefore affirm the district court.

## II.  SUFFICIENCY OF THE EVIDENCE (ISSUE 6)

Lisandra asserts the district court erred in denying her motion for judgment of acquittal because the evidence was insufficient to convict her on all four counts. "We review de novo the district court's denial of a motion for judgment of acquittal, applying the same standard used in reviewing the sufficiency of the evidence, meaning that we view the facts and draw all inferences in the light most favorable to the Government."  *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002).

Sufficient evidence supports Lisandra's convictions on all four counts of conviction.  Lisandra's conviction for access device fraud is supported by evidence that Lisandra, after initially denying her connection to Jose, ultimately admitted that Jose was her brother and that she had processed transactions for him and

---

[3]  Because any error in the admission of the thumb drive was harmless given the overwhelming evidence against Marchante and Jose, we need not reach their arguments regarding whether the thumb drive evidence should have been admitted (1) under Federal Rule of Evidence 404(b), (2) as inextricably intertwined with the underlying offense, or (3) not at all.

Marchante at Target, knowing that the credit cards they used were fraudulent. *See* 18 U.S.C. § 1029(a)(2).

As to her conspiracy count, while Lisandra claims she did not know Alexis Toledo or deal with her personally, "[a] defendant may be found guilty of conspiracy if the evidence demonstrates that [she] knew the 'essential objective' of the conspiracy, even if [she] did not know all its details or played only a minor role in the overall scheme. Nor must the government show that each defendant had direct contact with each of the other alleged co-conspirators." *United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002) (internal citations omitted). Lisandra played an essential role in the scheme. Her position at the store made it possible for Jose and Marchante to use fraudulent credit cards to buy Target gift cards and other items without arousing suspicion. Even if Lisandra did not know Toledo personally, she knew that someone had unlawfully obtained credit card numbers which was a necessary predicate to her part in the scheme, facilitating Jose's and Marchante's fraudulent transactions at Target. A defendant's agreement to join a conspiracy may "be inferred from acts that furthered the conspiracy's purpose." *United States v. Brenson*, 104 F.3d 1267, 1282 (11th Cir. 1997) (quotations omitted).

Lisandra's argument that the jury could not have concluded she knew that she was stealing the identities of real people (as required for her convictions on

Counts Three and Four) is meritless.  "[T]he government can rely on circumstantial evidence about an offender's misuse of a victim's identity to prove the offender knew the identity belonged to a real person." *United States v. Gomez-Castro*, 605 F.3d 1245, 1249 (11th Cir. 2010).  At her trial, both Leonardo Hing and Jeffrey Penniston, the two victims named in Counts Three and Four of the Indictment, testified that charges from the Target store where Lisandra worked appeared on their credit card statements, and were not authorized by them.  Further, in her position as a cashier at Target monitoring and processing transactions at registers, a jury could find Lisandra was familiar with the requirement for the approval of credit card transactions.  That the transactions involving Hing's and Penniston's accounts were approved supports the jury's conclusion that Lisandra knew those accounts belonged to actual persons.

Lastly, there is no merit to Lisandra's argument that her conviction on Count Four cannot stand because the American Express card used by Penniston belonged to the Miami-Dade Plumbers' Union, which she claims is not a "person" within the meaning of 18 U.S.C. § 1028A.  The statute is violated when a defendant uses, without lawful authority, a "means of identification of another person."  18 U.S.C. § 1028A(a)(1).  A "means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, *to identify a specific individual*."  18 U.S.C. § 1028(d)(7) (emphasis added).  Here, the credit

10

card issued to Penniston was in his name.  That the statement may have been sent to the union, which reimbursed Penniston for the charges on the card, does not mean that the credit card was not one of Penniston's "means of identification."

Therefore, we conclude the evidence was sufficient to convict Lisandra on all four counts.

### III.  LOSS AMOUNT (ISSUE 11)

Both Jose and Marchante challenge their sentences, asserting that the district court erred in finding the loss amount exceeded $120,000.  The district court calculated Jose's and Marchante's total loss amount based on (1) actual purchases that Jose and Marchante made at Target, (2) the credit cards Toledo skimmed at Flanigan's, and (3) account numbers found on the thumb drive.  Specifically, both Jose and Marchante challenge the inclusion of $74,500 in intended loss from the credit card numbers found on the thumb drive because the evidence was insufficient to link them to the thumb drive and the Government failed to establish its ownership.[4]

We review the district court's calculation of loss under the Guidelines for clear error.  *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003).

---

[4] Marchante also challenges the inclusion of the account numbers skimmed at Flanigan's in the total loss amount.  This argument is meritless.  The evidence at trial was sufficient to establish by a preponderance that Marchante was responsible for the cards that Toledo had skimmed.  *See United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (explaining a district court's fact findings for sentencing may be based on evidence heard during trial or evidence presented during the sentencing hearing).

The district court's fact findings for sentencing purposes may be based on, among other things, evidence heard during trial or evidence presented at the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007).

In calculating the appropriate level of loss, a district court should take into account not only the charged conduct, but also all relevant conduct. *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009). When the loss attributable to relevant conduct is at issue, "the Government bears the burden of proving loss with reliable and specific evidence." *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009). In conspiracies, a defendant's relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

The district court did not clearly err in including the credit card numbers found on the thumb drive in its estimate of losses. The thumb drive was found at Jose's and Marchante's home, in a nightstand they shared. Additionally, the thumb drive was found next to proceeds of the charged conspiracy—Disney tickets and debit cards re-encoded with Marchante's name. Jose offered Disney tickets to Toledo as a form of compensation for her skimming efforts. Additionally, the thumb drive contained a reference to software for a credit card skimming machine, which corroborated Toledo's account that she had used a skimming machine at Flanigan's at Marchante's request.

12

Further, Agent Thompson explained the Mini600 skimmer software found on the thumb drive matched the model of skimming machine that Toledo identified at trial as the type she used.  Evidence was presented that a significant number of the credit card numbers on the thumb drive had come from a McDonald's—the same location Jose had informed Toledo that he had other people skimming credit cards for him.  Multiple credit card numbers found on the thumb drive were found to be valid and to have been fraudulently used.

In light of the evidence tying the thumb drive to the offense, the district court did not clearly err in attributing the intended loss from the credit card numbers found on the thumb drive to Jose and Marchante.[5]

**AFFIRMED.**

---

[5] Alternatively, even if the evidence found on the thumb drive were subject to being suppressed insofar as the trial is concerned, it would still have been admissible at sentencing. Generally, the exclusionary rule does not apply to sentencing proceedings, provided the evidence being considered is reliable and was not seized "solely to enhance the defendant's sentence." *United States v. Lynch*, 934 F.2d 1226, 1234-37 & n.15 (11th Cir. 1991).  Thus, the district court did not err in considering the thumb drive at sentencing.