[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11331
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00531-JSM-CPT-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KIRBY GANT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 27, 2018)

Before MARCUS, WILSON and HULL, Circuit Judges.

PER CURIAM:

Kirby Gant appeals his convictions for possession with intent to distribute

cocaine base, possession of a firearm in furtherance of a drug-related crime, and

being a felon in possession of a firearm.  He argues that the district court erred in

denying his motion to suppress the evidence found in his automobile because neither the automobile nor plain view exception to the warrant requirement applies, and because the improper inventory procedure invalidated the inevitable discovery doctrine.  After thorough review, we affirm.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of the law to the facts de novo.  United States v. Jones, 377 F.3d 1313, 1314 (11th Cir. 2004) (per curiam).  A district court's determination of probable cause is reviewed de novo.  United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012) (per curiam).  "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below."  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  In most circumstances, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment.  United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005).  Indeed, "the basic rule [is] that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to

a few specifically established and well-delineated exceptions.'" Arizona v. Gant, 556 U.S. 332, 338 (2009) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

One exception to the warrant requirement is the automobile exception. United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007). "The automobile exception allows the police to conduct a search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search." Id. The requirement of mobility is satisfied if the automobile is "operational" or "reasonably appear[s] to be capable of functioning." Id.; United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003) (quotation omitted). "[T]he ability of a vehicle to become mobile is sufficient," and "[t]he vehicle does not have to be moving at the moment when the police obtain probable cause to search." United States v. Alexander, 835 F.2d 1406, 1409 (11th Cir. 1988). Probable cause exists when "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle," Lindsey, 482 F.3d at 1293 (quotation omitted), including, for example, where contraband is in plain view in the vehicle. See United States v. Spoerke, 568 F.3d 1236, 1249 (11th Cir. 2009) (finding probable cause for a warrantless search when the officer observed a pipe bomb in plain view in the vehicle).

The plain view doctrine permits the warrantless seizure of an object when an officer is lawfully located in a place from which the object can be plainly viewed,

3

the officer has a lawful right to access the object, and the object's incriminating character is immediately apparent. United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006). For an item's incriminating character to be immediately apparent, police must have probable cause to believe the object in plain view is contraband or evidence of a crime. Id. at 1290-91. Probable cause does not require "an officer to know with absolutely certainty that all elements of a putative crime have been completed when he seizes an article which reasonably appears to be incriminating evidence." United States v. Slocum, 708 F.2d 587, 605 (11th Cir. 1983) (quotation omitted). Further, we analyze probable cause "with a common sense view to the realities of normal life." United States v. Herzbrun, 723 F.2d 773, 775 (11th Cir. 1984). "[A] police officer may draw inferences based on his own experience in deciding whether probable cause exists," and "[a]n appeals court should give due weight to a trial court's finding that the officer was credible and the inference was reasonable." Ornelas v. United States, 517 U.S. 690, 700 (1996). So, "[a]lthough we must decide the legal issue of whether probable cause exists," we do so giving "weight to the inferences that law enforcement agents draw from the facts." Smith, 459 F.3d at 1291 (quotation omitted).

Here, the district court did not err in denying Gant's motion to suppress because the seizure of the firearm and crack cocaine found in his vehicle was authorized under the automobile and plain view exceptions to the warrant

4

requirement.  As for the first prong of the automobile exception, the record reveals more than sufficient evidence to prove that the car Gant was sitting in was readily mobile.  Indeed, Gant makes no argument that the district court's finding that the vehicle was parked in a parking lot and that "the driver's door was open and the interior lights to the vehicle were on" was incorrect or unfounded by the record, and we can ascertain no clear error in the court's finding that the lights of the vehicle were on.  Further, in light of this finding, we agree with the district court's conclusion that the vehicle was "operational."  As the officers testified, Gant was in the driver's seat, the overhead lights were on, and the radio was playing -- all of which indicate that the automobile, though not moving at the time, appeared capable of moving.  Alexander, 835 F.2d at 1409.  To the extent Gant takes issue with the sufficiency of the district court's findings -- even though, through its adoption of the magistrate judge's report and recommendation ("R&R"), the district court found that the interior lights were on through the officers' testimony, properly recognized that the vehicle must be readily mobile to satisfy the first prong of the automobile exception, and then concluded that the automobile exception applied -- Gant provides no binding precedent requiring the district court to make an explicit finding of mobility.

As for the second prong of the test, the district court did not err in concluding that probable cause existed to search the vehicle.  Gant argues that probably cause

was lacking because he was arrested only for assault on an officer. However, the subsequent search of his person found 9.6 grams of marijuana, 15 hydrocodone pills, and $1,192 dollars in cash. Not only did the officers find drugs and cash on him, but one of the officers could plainly view in the vehicle a clear bag of what looked like crack cocaine. Viewing the totality of the circumstances, it was objectively reasonable to believe that it was fairly probable that more drugs could be found in the area where Gant had just previously occupied. Lindsey, 482 F.3d at 1293; Spoerke, 568 F.3d at 1249. As for Gant's argument that the officers failed to conduct a field test on the items found, and thus could not know for sure that they were drugs, it lacks merit. As we've said, officers are not required to know with certainty that certain items are illegal contraband. Slocum, 708 F.2d at 605. Thus, because the vehicle was readily mobile and probable cause existed, the district court properly applied the automobile exception to the warrant requirement in this case.

We also find no error in the district court's conclusion that the seizure of the contraband was justified under the plain view exception. The first prong of the test was satisfied because the officers were lawfully on patrol in a public area and, from their standing position next to the car with its interior lights on, they could see into the front seat's cup holder, which held a firearm. The second prong is satisfied because, as we've already held, the automobile exception applies, which means that the officers had a lawful right of access to the object. As for the third prong, the

6

totality of the circumstances demonstrated the requisite incriminating character of the items viewed. Again, we do not require that the officer "know with absolutely certainty" that the substance in the clear bag was crack cocaine and allow for the "common sense view to the realities of normal life" to justify probable cause. Id.; Herzbrun, 723 F.2d at 775. Thus, the plain view exception to the warrant requirement applied and the firearm and crack cocaine were properly seized.

Because the automobile and plain view exceptions applied, we need not decide whether the inevitable discovery doctrine and the inventory search exception also would have applied to the search. Accordingly, we affirm.

**AFFIRMED**.